James Roger BIGGER, a Minor, by Next Friend, Appellant,

v.

CONSOLIDATED UNDERWRITERS, Appellee.

No. 3554.

Court of Civil Appeals of Texas.

Waco.

Aug. 14, 1958.

Rehearing Denied Sept. 10, 1958.

Helm, Jones, McDermott & Pletcher, Raymond L. McDermott, Houston, for appellant.

Baker, Botts, Andrews & Shepherd, Alvin M. Owsley, Jr., Wyatt H. Heard, Houston, for appellee.

McDONALD, Chief Justice.

This is a workmen's compensation case brought by the minor plaintiff, James Roger Bigger, through his mother as next friend. The minor plaintiff was a newspaper boy who was injured in an automobile accident, while in the course of delivering the Houston Post on his regular route. Parties will be referred to as in the Trial Court. Defendant Consolidated Underwriters, the workmen's compensation carrier for the Houston Post, contended that minor plaintiff was not an employee of the Houston Post, but rather bore the relationship of an independent contractor or some other relationship. The parties agreed to sever the issue of whether the minor plaintiff was an employee of the Houston Post from the balance of the case and try same separately. Trial of this issue was before a jury, which in answer to special issues found:

1) The minor plaintiff was not an employee of the Houston Post Company.

2) The minor plaintiff did not bear the relationship to the Houston Post Company of an independent contractor.

(The jury further found that T. H. Moore, plaintiff's superior, did not bear the relationship of independent contractor to the Houston Post; that plaintiff did not bear the relationship of independent contractor to his superior T. H. Moore; that plaintiff was in the service of T. H. Moore under a contract of hire; that plaintiff was not in the service of his mother or his brother under a contract of hire.)

Upon the jury verdict the Trial Court entered judgment for defendant. Plaintiff appeals, contending:

1) There is no evidence, or insufficient evidence, to support the finding of the jury that plaintiff was not an employee of the Houston Post;

2) The findings of the jury that plaintiff was not an employee of the Houston Post and the finding of the jury that plaintiff did not bear the relationship of independent contractor to the Houston Post are in irreconcilable conflict.

Reverting to the first contention, that there is no evidence or that the evidence is insufficient to support the finding of the jury that plaintiff was not an employee of the Houston Post: As noted, the parties entered into an agreement to sever the cause and try the issue separately as to whether plaintiff was an employee of the Houston Post, or whether plaintiff occupied the status of an independent contractor to the Houston Post, or an employee of an independent contractor to the Houston Post; and the jury, in answer to special issues submitted by the court, found that, (1) plaintiff was not an employee of the Houston Post, and (2) plaintiff did not bear the relationship of independent contractor to the Houston Post, or the relationship of independent contractor to his superior. The record reflects that Helen Bigger, mother of plaintiff, is a widow; that she had three sons, the youngest of whom is plaintiff, age 15; that plaintiff took the work as a newspaper delivery boy for the Houston Post; that plaintiff's older brother was crippled and drove the automobile for plaintiff, as plaintiff was too young to drive; that Helen Bigger saw an advertisement in the Houston Post which

led to plaintiff getting the paper route; that this ad was in the classified section of the Houston Post, which stated the Post had some routes open and requested applicants to call the Houston Post at the telephone number of the Houston Post; the ad did not say anything about calling independent contractors or route managers. Pursuant to this ad, Mrs. Bigger called the Houston Post at the telephone number listed in its advertisement in its paper and talked to someone in the circulation department who advised her that the Houston Post had several routes open and that they would check on them and someone would call. The party at the Houston Post told Mrs. Bigger it was a must that they have a car to throw papers from. Thereafter, someone from the Post called and said that a Mr. Anderson would be by to discuss the matter of a route for the boy and Mr. Anderson did come to the Bigger home. He said he was with the Houston Post and had come out in regard to Mrs. Bigger's telephone conversation with reference to the boy carrying a route for the Post. He went into detail about how nice it was to work for the Houston Post and how much the boys learned by throwing papers and what the Post expected them to do, and how they expected them to roll the papers, to be careful to put the Post in a good light, that they liked to have their customers taken good care of, and it was strictly a conversation that the boys were working for a mighty fine paper when they worked for the Post. Mrs. Bigger testified fully to the terms of the oral contract entered into with the Post. The boys were expected to be at the pickup place for the papers at four o'clock in the morning, and it was the Post's instructions that the papers be delivered not later than six o'clock in the morning. Mr. Anderson testified the papers had to be rolled and tied in a certain way and that the Post would expect the papers put at a certain spot. Mr. Anderson did not deny or contradict any of the statements of Mrs. Bigger relating to the foregoing contract, although he testified in the case. It was the contention of the defendant throughout that plaintiff was an independent contractor who bought his papers from the independent contractor route man (Anderson), who, in turn, purchased them from the Houston Post. Nevertheless, the record here reflects that the inception of the contract was such as to demonstrate that control of the minor plaintiff was retained in the Houston Post. The initial offer of employment was made by the Houston Post; the route distributor who was sent by the Houston Post made it clear that the minor plaintiff was working for the Houston Post; and the Houston Post set the standards and rules which bound its newspaper boys in performing the details of their work.

■ In the case at bar we have positive proof of an oral contract of hire—uncontradicted. Moreover, the overwhelming evidence is to the effect that the Houston Post exercised detailed control over the minor plaintiff's physical performance of the delivery of the papers, and the performance of the job. This evidence itself is sufficient to constitute plaintiff an employee. See Elder v. Aetna Cas. & Surety Co., 149 Tex. 620, 236 S.W.2d 611; Texas Employers Ins. Co. v. Brown, Tex.Civ. App., 309 S.W.2d 295, W/E Ref. N.R.E.; Halliburton v. Texas Indemnity Ins. Co., 147 Tex. 133, 213 S.W.2d 677.

■ From the foregoing, we think that the finding of the jury that the minor plaintiff was not an employee of the Houston Post is against the great weight and preponderance of the evidence. See: In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ Plaintiff's second contention on appeal is that the jury's finding that plaintiff was not an employee of the Houston Post is in conflict with the further findings that he was not an independent contractor or the employee of an independent contractor. As noted, both parties "pitched" their case on the proposition that plaintiff was either an employee of the Houston Post, or, in

the alternative, an independent contractor, or the employee of an independent contractor. The issues were thus clearly delineated. We think that the findings under the record made are irreconcilable.

It follows that the cause is reversed and remanded.

Reversed and remanded.

HALE, J., took no part in the consideration and disposition of this case.